[Cite as *State v. Wells*, 2026-Ohio-2677.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KATELYN E. WELLS,

    DEFENDANT-APPELLANT.

CASE NO. 1-25-55

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2024 0251

Judgment Affirmed

Date of Decision: June 13, 2026

APPEARANCES:

    *William T. Cramer* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Katelyn E. Wells ("Wells"), appeals the September 16, 2025 judgment of conviction and sentence against her in the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} On November 14, 2024, an Allen County grand jury indicted Wells for rape of a child less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b) and attempted rape of a child less than thirteen years of age in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b), both first-degree felonies. The rape count included an allegation that the victim was under ten years of age at the time of the offense, which exposed Wells to a sentence of life imprisonment without the possibility of parole under R.C. 2907.02(B). The attempted-rape count carried a specification under R.C. 2941.1419(A) that the victim was under ten, mandating a prison term of ten years to life.

{¶3} Wells pleaded not guilty by reason of insanity on November 22, 2024, and further moved for competency and sanity evaluations. The court granted the motions and ordered the evaluations to proceed. Dr. Carla S. Dreyer ("Dr. Dreyer") conducted the evaluation and observed that Wells presented with a "childlike" appearance attributable to Shwachman-Diamond Syndrome. As an infant, Wells had undergone chemotherapy, blood transfusions, and a bone marrow transplant. In her interview with Dr. Dreyer, Wells stated

she experienced severe deficits in cognitive development, which her medical conditions had adversely affected, and she was placed in special education programs throughout her schooling. Dr. Dreyer estimated that Wells's intellectual functioning fell within the "low average" range. Dr. Dreyer further observed that Wells had previously received mental health treatment for impulse control following a juvenile sex offense she committed at age fourteen. According to Dr. Dreyer, Wells denied any symptoms indicative of a severe mental illness and instead reported a history of impulse-control difficulties accompanied by deviant sexual interest consistent with a paraphilic disorder. Dr. Dreyer reported that, once educated about the proceedings and afforded additional time, Wells could describe and comprehend the charges against her and the attendant legal proceedings. Dr. Dreyer ultimately concluded that Wells was neither intellectually disabled nor mentally ill and that she was capable of understanding the nature and objective of the proceedings and of assisting in her own defense.

{¶4} At a competency hearing in January 2025, the parties stipulated to the admission of Dr. Dreyer's evaluation and Dr. Dreyer's expert credentials and no additional evidence was offered. Relying on the report, the court found Wells competent to stand trial. In September 2025, Wells withdrew her earlier pleas and pleaded guilty to the rape count in exchange for the State's dismissal of the attempted-rape count and a stipulation to a reduced sentence of fifteen years to life in prison. The trial court accepted the plea and imposed the mandatory term of fifteen years to life consistent with the agreement. The

court further designated Wells a Tier III sex offender. Wells timely appealed. She raises a single assignment of error.

**Assignment of Error**

**Appellant's Due Process rights were violated by an erroneous finding that she was competent to stand trial.**

{¶5} In her sole assignment of error, Wells argues her due process rights were violated when the trial court erroneously found her competent to stand trial and accepted her plea of guilty.

*Standard of Review*

{¶6} Generally, a trial court's competency finding is reviewed under an abuse of discretion standard. *State v. Jones*, 2024-Ohio-1124, ¶ 19 (11th Dist.). A trial court does not abuse its discretion in finding a defendant competent where its findings are supported by some reliable, credible evidence. *State v. Vrabel,* 2003-Ohio-3193, ¶ 33 ("We find that the trial court did not abuse its discretion in finding appellant competent. Under these circumstances, we will not disturb the trial court's findings, since there was some reliable, credible evidence supporting them."). However, when a party fails to object to the trial court's finding of competency, such finding is reviewed for plain error. *In re E.C.*, 2015-Ohio-4807, ¶ 5 (3d Dist.). "Generally, an appellate court need not review questions which have not been raised in the trial court and upon which the trial court has had no opportunity to rule. However, an appellate court may consider any errors that affect a substantial right

-4-

regardless of whether they were brought to the attention of the trial court." (Citations omitted.) *Id*. "For this Court to notice plain error, the error must be an obvious defect in a trial's proceedings, it must have affected substantial rights, and it must have affected the outcome of the trial." *State v. Risner*, 2019-Ohio-4120, ¶ 41 (3d Dist.). "Moreover, 'even when the minimum requirements have been met, a reviewing court should still be conservative in its application of plain-error review, reserving notice of plain error for situations involving more than merely theoretical prejudice to substantial rights.'" *Id.*, quoting *State v. Steele*, 2013-Ohio-2470, ¶ 30.

*Analysis*

**{¶7}** R.C. 2945.37(G) states:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

Furthermore, "mental illness is not necessarily legal incompetency." *State v. Elliott*, 2015-Ohio-3766, ¶ 23 (8th Dist.).

**{¶8}** In the present case, a hearing was held during which both parties agreed to Dr. Dreyer's qualifications and stipulated to the admission of Dr. Dreyer's report. Dr. Dreyer's report concluded Wells was competent to stand trial, specifically stating the following:

> It is the undersigned's professional opinion that Ms. Wells is not an intellectually disabled or mentally ill individual. It is also my opinion that

she is currently capable of understanding the nature and the objective of the proceedings against her and assisting in her defense. It therefore is my opinion that Ms. Wells is COMPETENT to stand trial.

{¶9} "Where the parties stipulate to the contents of the competency reports which opine that the defendant is competent, the parties stipulate to competency[.]" *State v. O'Neill*, 2004-Ohio-6805, ¶ 21 (7th Dist.). Further, the trial court may rely on the stipulated report's opinion, and the parties may waive any further hearing. *Id*. The trial court was, therefore entitled to credit Dr. Dreyer's stipulated opinion.

{¶10} Because Wells identifies no error in the competency determination, she necessarily cannot satisfy plain error review. Plain error requires showing that, "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 97 (1978). With an unrebutted, stipulated expert opinion in the record supporting the trial court's finding of competency, there is no evidence of error or legal deviation, nothing obvious undermines the trial court's determination, and there is no basis to suggest the outcome would have differed.

{¶11} Wells's argument on appeal does not identify any error in the competency determination. She contends that her "extensive and disturbing medical and mental health history" rendered her incompetent. (Appellant's Brief at 5). But that history is precisely what Dr. Dreyer reviewed and accounted for in opining that Wells was competent. "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v.*

*Bock*, 28 Ohio St.3d 108, 110 (1986). The competency test focuses entirely on the defendant's ability to understand the proceedings and assist in the defense, which can be satisfied regardless of the defendant's mental status. *See* R.C. 2945.37(G) (the trial court will find the defendant incompetent when it is proven by a preponderance of the evidence that "the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense").

{¶12} In her evaluation of Wells, Dr. Dreyer observed Wells was capable of communicating appropriately about courtroom procedure, the nature of her felony charges, the meaning of the pleas she could enter, and the roles of defense counsel, the prosecuting attorney, the judge, and probation. After minimal instruction, Dr. Dreyer also found Wells was capable of understanding the role of a jury and the concept of a plea bargain. As to her capacity to assist in her defense, Dr. Dreyer observed Wells was capable of relaying all necessary information to her attorney in an adequate and appropriate manner, she had the ability to understand and comprehend instructions and evaluate legal advice, she was able to understand the role of a witness, and she possessed the capacity to testify.

{¶13} On appeal, Wells simply restates this report in a light more favorable to her preferred finding of incompetency. However, the report, itself, concluded Wells is competent to stand trial, both parties stipulated to the finding of the report and Dr. Dreyer's expert credentials, and the trial court was, therefore, within its discretion to rely on the report's findings. Accordingly, there is nothing in the record from which to find error.

{¶14} The assignment of error is overruled.

*Conclusion*

**{¶15}** For the foregoing reasons, Wells's assignment of error is overruled.  Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WALDICK, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

---

Mark C. Miller, Judge

 

---

William R. Zimmerman, Judge

 

---

Juergen A. Waldick, Judge

DATED:
/jlm